UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VERNON WILSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:13CV2164 AGF |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 43) of Petitioner Vernon Wilson for an extension of time to request a certificate of appealability. On March 3, 2011, a jury convicted Petitioner of four counts of violating 18 U.S.C § 242 based on the assault of four inmates which occurred in 2005 in the Washington County, Missouri, jail while Petitioner was the chief administrator of the jail; as well as two counts of violating 18 U.S.C. § 1001 based on false statements Petitioner made to an FBI agent during the investigation of his case. This Court sentenced Petitioner to 120 months in prison, followed by three years of supervised release. On August 2, 2012, Petitioner's convictions and sentences were affirmed on appeal.

On May 26, 2015, this Court denied Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 41.) The Court also declined to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), finding that Petitioner had not made a substantial showing of the denial of a federal constitutional right.

Petitioner failed to file a notice of appeal of this Court's judgment or request a certificate of appealability from the Eighth Circuit Court of Appeals pursuant to § 2253(c), within the 60 day period to do so. Petitioner now moves for an extension of time to request a certificate of appealability. In support, Petitioner claims that he was first made aware of this Court's May 26, 2015 judgment on July 27, 2015, by letter from the Federal Public Defender, which Petitioner attaches as an exhibit to his motion. Petitioner argues that, because he did not receive actual notice of this Court's judgment against him until after the 60 day filing period had expired, equitable considerations support this Court granting Petitioner an extension of time to petition the circuit court for a certificate of appealability in this matter.

When a district court denies a petitioner's § 2255 motion and does not issue a certificate of appealability, a petitioner's proper recourse to pursue an appeal is to file a timely notice of appeal, pursuant to Fed. R. App. P. 4(a)(1)(B).[1] Although petitioner has filed this motion as a request for additional time to petition for issuance of a certificate of appealability, Petitioner makes plain that the purpose of his motion is to appeal this Court's Memorandum and Opinion denying habeas relief. As such, the Court will construe Petitioner's motion as a motion to extend the time for filing a notice of appeal.

A district court may extend the time to file a notice of appeal if the petitioner files for an extension within 30 days after the time prescribed, and if that petitioner shows

---

[1] A petitioner may only pursue an appeal of a district court's final order denying relief under 28 U.S.C. § 2255 if the circuit court determines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Rule 22(b)(2) further provides that "[i]f no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."

excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). In determining whether good cause or excusable neglect exist, courts consider: "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Flowers v. Roy*, 603 F. App'x 510, 512 (8th Cir. 2015).

Here, Petitioner filed his motion for an extension on August 13, 2015, which is within 30 days of the time prescribed – July 25, 2015. The Court finds that Petitioner has sufficiently shown that his failure timely to file a notice of appeal was the result of excusable neglect. It appears that the assistant public defender who had previously represented Petitioner relocated to a new location, and is no longer employed by the Federal Public Defender. It was only after Petitioner sent a letter to inquire as to the status of his case that he was informed of the judgement against him, and Petitioner thereafter promptly moved for an extension of time. Therefore, the Court finds that the reason for the delay was not reasonably in the control of Petitioner, and that Petitioner acted in good faith when he filed the present motion. Moreover, the danger of prejudice to Petitioner in this case is substantial, as an appeal to the Eighth Circuit is Petitioner's only possibility for relief from his current sentence. Thus, the Court believes that each factor weighs in favor of granting Petitioner's motion, and the motion for extension of time to file a notice of appeal is granted.

Further, the Court notes that Petitioner's motion clearly identifies the order from which he wishes to appeal, namely, this Court's Memorandum and Opinion dated May

3

26, 2015, denying the petition filed under 28 U.S.C. § 2255. As such, the Court will also construe the motion as Petitioner's notice of appeal, and the Clerk of Court is hereby directed to docket the motion (Doc. No. 43) as Petitioner's Notice of Appeal, for which leave to file is granted pursuant to Fed. R. App. P. 4(a)(5)(A).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Extension of Time to File Petition for Issuance of Certificate of Appealability [Doc. No 43] is hereby construed as a motion for an extension of time to file a notice of appeal, and for good cause shown the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket the Motion for Extension of Time [Doc. No. 43] as Petitioner's timely Notice of Appeal from this Court's Memorandum and Opinion dated May 26, 2015, denying the petition filed under 28 U.S.C. § 2255.

                                                      _/s/ Audrey G. Fleissig_
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2015.