# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| VERNON WILSON, | ) |  |
|---|---|---|
| Movant, | ) |  |
| v. | ) | No. 4:13-CV-2164 AGF |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent, | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Vernon Wilson's Motion for Relief from Judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is in substance a successive motion to vacate under 28 U.S.C. § 2255, and it is dismissed.

In March 2011, a jury convicted Wilson of four counts of violating 18 U.S.C. § 242. *United States v. Wilson*, No. 4:10-CR-390 AGF. The Court sentenced him to 120 months' imprisonment. The sentence was affirmed on appeal.

Wilson filed his motion to vacate in October 2013, arguing ineffective assistance of counsel. The Court denied the motion on the merits on May 26, 2015.

In the instant motion, Wilson argues that the Eighth Circuit Court of Appeals' decision in *United States v. Fields*, 863 F.3d 1012 (8th Cir. 2017), was a substantive change in law requiring modification of his sentence. In *Fields*, the court held that a prior Missouri conviction for second-degree assault was not "crime of violence," under Section 2K2.1 of the United States Sentencing Guidelines. *Id.* Wilson argues that *Fields* shows

that his prior Missouri conviction for third-degree assault should not have been used to enhance his sentence.[1]

Wilson is not permitted to circumvent the AEDPA's prohibition on filing second or successive motions simply by labeling the motion as something other than what it is. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly."). A Rule 60(b) motion must be construed as a second or successive petition if it asserts a basis for relief from the Court's judgment of conviction, regardless of the label the prisoner attaches to it. *Id.* Specifically, a Rule 60(b) motion arguing that "a subsequent change in substantive law is a reason justifying relief . . . from the previous denial of a claim . . . is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531 (citations and quotations omitted). Because Wilson's motion relies on a subsequent change in substantive law, it must be construed as a successive § 2255 motion.

Under 28 U.S.C. § 2255(h), prisoners must obtain authorization from the circuit court before filing a second or successive petition in the district court. The requirement is jurisdictional. *See Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). As a result, the Court lacks jurisdiction to grant relief, and the motion is therefore denied. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Wilson's argument is not entirely coherent. The prior conviction was not, in fact, used to enhance his sentence under any statute or the Sentencing Guidelines. His criminal history score was zero, establishing a criminal history category of I. The use of U.S.S.G. § 2A2.2 for the base offense level under § 2H1.1(a)(1), was based on the evidence at trial.

Finally, Wilson has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Wilson's Motion for Relief from Judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure (Doc. 55) is **DENIED**.

**IT IS HEREBY CERTIFIED** that the Court will not issue a Certificate of Appealability.

Dated this 17th day of August, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE